IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MAL P. HILDEBRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 09-3049 |
| | ) | |
| CRACKER BARREL OLD COUNTRY STORE, INC., a Tennessee Corporation; CBOCS WEST, INC., a Nevada Corporation; and ROCKING CHAIR, INC., a Nevada Corporation | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Injured in a fall, Plaintiff filed suit in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois.  Defendants removed the case to this Court, and Plaintiff now seeks remand.

Removal of an action from state court is proper where the district court could have exercised original jurisdiction over the claim.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. §

1441)).  In this case, removal was premised on diversity jurisdiction, which requires complete diversity and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.

Plaintiff's sole argument supporting remand is that the amount-in-controversy element is not met due to his agreement (if the case is remanded) to stipulate that the damages will not exceed $75,000.  Jurisdiction, however, is determined as of the time of removal, and therefore "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab. Co.,* 303 U.S. 283, 293 (1938).  Accordingly, post-removal affidavits and stipulations cannot change the jurisdictional facts existing when removal occurred.  *Id*. at 292 ("[T]hough . . . the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction"); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("[P]ost-removal events -

even an irrevocable promise not to accept more than the jurisdictional minimum - do not authorize remand of a suit that was within federal jurisdiction when removed. . . ."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429-30 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993); *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."). Thus, the post-removal offer to stipulate must be ignored.

Although the proponent of removal ultimately bears the burden of proving jurisdiction, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000), that party need only provide a good faith estimate that more than the jurisdictional minimum is in controversy, *Oshana*, 472 F.3d at 509. Such an estimate suffices if "plausible and supported by a preponderance of evidence." *Oshana*, 472 F.3d at 511. Here, the demand for more than $50,000, coupled with the pain and disability alleged, meets this standard.

Ergo, the motion to remand [d/e 7] is DENIED.

IT IS SO ORDERED.

ENTERED:                                    March 17, 2009

FOR THE COURT:                    /s Judge Richard Mills
                                                United States District Judge